IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | | |
| | * | |
| vs. | | |
| | * | |
| RON MCCLAIN, | | |
| Defendant, | * | CASE NO. 4:15-CR-21 (CDL) |
| and | * | |
| AMIRCANI LAW, LLC, | * | |
| Garnishee. | | |
| | * | |

O R D E R

The Court issued a writ of continuing garnishment to Maha Amircani and Amircani Law, LLC ("Garnishee"). Garnishee answered the writ, stating that Garnishee held $102,500.00 in personal injury settlement proceeds but denying that the funds are subject to garnishment. The Court ordered Garnishee to deposit $65,135.30 of the settlement proceeds into the registry of the Court.[1] The Court also ordered Garnishee to file a notice providing the Court with the names and addresses of all persons and entities Garnishee claims to have an interest in the funds.

---

[1] In the answer to the writ of garnishment, Garnishee asserted that $37,364.70 belongs to Garnishee as attorney's fees and expenses. The Government proposed permitting that amount be used as Garnishee sees fit, such as to satisfy attorney's fees, satisfy Defendant's medical expenses, or some combination of the two. Gov't's Resp. to Garnishee's Answer, ECF No. 312.

Garnishee paid the funds into the Court's registry and submitted the notice of interested parties on March 3, 2023. The Court issued an order requiring that any entity claiming an interest in the funds must file a motion for disbursement. Order (Mar. 30, 2023), ECF No. 318. The Clerk mailed a copy of the order to the entities listed in the notice of interested parties. The motions for disbursement were due by April 20, 2023. Only the Government filed a motion for disbursement (ECF No. 323). Any response was due by May 3, 2023. No one responded to the Government's motion.

In support of its motion, the Government points to the following facts. In 2016, Ron McClain pleaded guilty to one count of making a false statement to a federally insured institution. In addition to his prison sentence followed by a term of supervised release, McClain was ordered to pay restitution in the amount of $253,651.03 under 18 U.S.C. § 3664(i). Judgment 5, ECF No. 207; Am. Judgment 6, ECF No. 229. The Government recorded a lien for the restitution in the Superior Court of DeKalb County, Georgia on October 6, 2016. Gov't's Mot. for Disbursement Ex. A, Notice of Lien (Oct. 6, 2016), ECF No. 323-1. After McClain finished his term of imprisonment, he failed to make restitution payments, and the probation office petitioned the Court to revoke McClain's supervised release. Pet. for Warrant or Summons for Offender Under

Supervision, ECF No. 277.  The Court revoked McClain's supervised release.  J. for Revocation of Supervised Release, ECF No. 297.

During the revocation proceedings, the Government learned that McClain had been in a car wreck in 2019 and retained counsel to file a personal injury action on his behalf.  *See* Gov't's Mot. for Disbursement Ex. B, Compl.¶¶ 4-6, ECF No. 323-2 (alleging that McClain was injured in a car wreck on December 30, 2019).  The Government sent McClain's counsel notice of the restitution lien; the notice stated that $140,291.50 remained due and owing on the lien and that counsel should not "authorize payment of any funds [from the personal injury action] to Ron McClain without recognition of the restitution lien."  Gov't's Mot. for Disbursement Ex. C, Letter from K. Abernethy to M. Amircani (Sept. 9, 2022), ECF No. 323-3.  The personal injury action resulted in a total settlement of $102,500.00.  As discussed above, $65,135.30 was deposited into the registry of the Court, and the Government now seeks disbursement of those funds.  There is no opposition to the Government's motion and no other motion for disbursement.

The Court is satisfied that the Government has a restitution lien, which arose on September 9, 2016, the date the judgment was entered against McClain in this action.  *See* 18 U.S.C. § 3613(c) (stating that a fine imposed pursuant to a restitution order under 18 U.S.C. § 3664 gives rise to a lien on a defendant's property that arises on the date of judgment).  That lien was recorded in

3

the Superior Court of DeKalb County on October 6, 2016. Upon filing of the notice of the lien, the lien became "valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor"—except limited exceptions that do not apply here. 18 U.S.C. § 3613(d).

Given that no one other than the Government filed a motion for disbursement or presented any evidence of a superior right to the garnished settlement proceeds and that no one opposed the Government's motion for disbursement, the Court grants the Government's motion for disbursement (ECF No. 323). The Clerk of the Court shall disburse to the Government the funds that Garnishee deposited into the registry of the Court ($65,135.30), plus any interest that accrued on that amount since the funds were deposited. The Government, in turn, shall pay the restitution lien proceeds to McClain's victim, Kinetic Credit Union. *See* Gov't's Mot. for Disbursement 5 (recognizing that the restitution is owed to Kinetic Credit Union).

IT IS SO ORDERED, this 5th day of May, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA